# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARIE ZUMWALT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No.  CIV-09-936-M |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423, and her application for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings.**

## PROCEDURAL HISTORY

Plaintiff protectively filed her applications for DIB and SSI on June 3, 2004 alleging a disability since July 15, 1997 (TR. 15). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 15). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on October 13, 2006 (TR. 24-29). The Plaintiff did not appear at the hearing, but was represented by counsel (TR. 26). The ALJ later found that there was not "good cause" for Plaintiff's failure to appear at the hearing, and therefore not good cause to reschedule a hearing (TR. 15-16). The ALJ issued his decision on May 24, 2007 finding that Plaintiff was not

entitled to DIB or SSI at any time through December 31, 2002, the date Plaintiff was last insured (TR. 15-23). The Appeals Council denied the Plaintiff's request for review on June 24, 2009, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 4-6).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 18). At step two, the ALJ concluded that Plaintiff's affective disorder and anxiety related disorder were severe impairments (TR. 18). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which met or equaled any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 19). At step four, the ALJ

2

found that Plaintiff retained the residual functional capacity (RFC) to perform her past relevant work (PRW) as a housekeeper (TR. 22). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB or SSI (TR. 22-23).

On appeal to this Court, Plaintiff alleges that the ALJ failed to apply the correct legal standard in evaluating the opinions of Plaintiff's treating physician, Gary P. Dickinson, M.D., (family medicine).

In a letter dated April 19, 2004, Dr. Dickinson stated that he had been treating Plaintiff since April 2001 for "multiple complaints including depression, anxiety and ADD" and found that

> Due to the symptoms of her psychological impairments, it is my opinion that Ms. Zumwalt should be restricted to activities with low stress that require only occasional interaction with the general public and co-workers. Due to the inability to maintain work stressors, this individual should not be subjected to work quotas or production schedules. Ms. Zumwalt has marked limitations in both the ability to maintain attention and concentration for extended periods of time, and the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. She will be unable to complete a normal workday and workweek without interruptions from psychologically based symptoms and unable to perform at a consistent pace without an unreasonable number and length of rest periods. It is my opinion that she would miss at least 2 days each week due to extreme fatigue and depression

(TR. 147). In July 2006, Dr. Dickinson completed a Certification of Illness or Disability in which he concluded that "the patient is permanently totally disabled due to severe, chronic, major depression" (TR. 180). Dr. Dickinson's examination notes from May 2005 show that Plaintiff was "Alert, oriented, affect flat, no inappropriate behavior. Exam—no other focal problem" (TR. 182). Dr. Dickinson assessed Plaintiff as having major depression with generalized anxiety and prescribed medication to treat these conditions (TR. 182). In his treatment notes from August 2006 Dr. Dickinson reported that Plaintiff had a twitch in her eye; that she had a habit of rubbing

her left eye which was worse with stress; and that she needed something to help her with her stress (TR. 181). Dr. Dickinson further found that Plaintiff's affect was flat but appropriate (TR. 181). He assessed her as having "Anxiety---GAD" and prescribed medication for her anxiety (TR. 181). In October 2006, Dr. Dickinson completed a Medical Impairment Questionnaire in which concluded that Plaintiff was incapacitated by "depressed mood, anxiety, poor attention, distractability, poor cognition"; that she has responded poorly to medication and counseling; that her condition would cause her to be absent from work more than three times a month; and that she did not have the concentration or cognition to maintain gainful employment (TR. 183-185). Dr. Dickinson found that Plaintiff had "Moderate" difficulties in maintaining social functioning; that she had "Constant" deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner; and that she had "Continual" episodes of deterioration or decompensation in work or work like settings (TR. 185).

In October 2004, Plaintiff underwent a consultative psychological examination performed by R. Keith Green, Ph.D. (clinical psychology) who found that Plaintiff

> Displays difficulty with capacity for retaining new learning and general fund of knowledge. Arithmetic reasoning and abstract reasoning are inconsistent. Otherwise, Carie attends, persists, seemingly works at an adequate pace and is able to retain and carry out simple, detailed and more complex instructions as well as relate interpersonally in an appropriate manner

(TR. 151-152). Dr. Green diagnosed Plaintiff with depressive disorder and anxiety disorder by history NOS (TR. 153).

In December 2004 and April 2005, Agency physicians concluded that from 2003 to the present, Plaintiff's mental impairment caused only "Moderate" restrictions of activities of daily living, "Moderate" difficulties in maintaining social functioning, and "Moderate" difficulties in maintaining concentration, persistence or pace (TR. 170). Agency physicians further concluded

4

that there was insufficient evidence as to whether Plaintiff had experienced episodes of decompensation (TR. 170).

When presented with opinions of a treating physician, the ALJ must "give good reasons in his decision for the weight assigned to the opinion. 20 C.F.R. § 404.1527(d)(2) *see also* SSR 96-2p; *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003). The decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p. In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for "controlling weight." An ALJ should keep in mind that "it is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." SSR 96-2p; *see also* 20 C.F.R.§404.1527(d)(2).

The Tenth Circuit described the required analysis of a treating physician's opinion in *Watkins v. Barnhart*, 350 F. 3d 1297, 1300-1301, (10th Cir. 2003):

> The analysis is sequential. An ALJ must first consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." SSR 96-2p, 1996 WL 374188, at *2 (quotations omitted). If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. *Id.* In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight. *Id.* The agency ruling contemplates that the ALJ will make a finding as to whether a treating source opinion is entitled to controlling weight.

The Court in *Watkins* further reasoned that

> Resolving the controlling weight issue does not end our review. In completing the analysis:

5

> adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927

*Watkins* at 1300; SSR 96-2p.

If an ALJ determines that a treating physician's opinion is not entitled to controlling weight then in order to disregard or give "very little weight" to that treating physician's opinion, he must set forth "specific, legitimate reasons" for doing so. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). In *Goatcher v. United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6).

In her decision the ALJ provided a thorough review of the medical evidence (TR. 18-19). However, the ALJ failed to adequately explain why he assigned "very little weight" to the opinions of Dr. Dickinson. The only explanation given was that Dr. Dickinson "offered absolutely no medical records at all to support his allegation that he had ever treated the claimant at any time in 2002, 2003, or through the date of his letter in 2004" (TR. 21). Although the ALJ determined that the opinions of Dr. Dickinson were not entitled to controlling weight, the ALJ failed to complete the required analysis under *Goatcher, Watkins* and 20 C.F.R. § 404.1527(d)(2)-(6) (TR. 22). The court

6

cannot simply presume the ALJ applied the correct legal standards in considering the opinions of Dr. Dickinson. Thus, remand is appropriate because the court cannot meaningfully review the ALJ's determination absent findings and analysis explaining the weight assigned to the opinions of Plaintiff's treating physician, Dr. Dickinson. *Watkins* at 1300-1301.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this 9th day of August 2010.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE